1. Eduardo Mina # 02319-093
   Taft Correctional Institution
2. P.O. Box 7001
   Taft, CA 93268
3.
   Petitioner/Defendant
4. (In Pro Se)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 06 2007

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

5.
6.                    UNITED STATES DISTRICT COURT

7.                      DISTRICT OF HAWAII    CR 02-00209 DAE-05

CV07-00061 DAE

8. UNITED STATES OF AMERICA,        )    Case No. _____
                                    )
9.        Plaintiff/Respondent,     )    MEMORANDUM OF LAW IN
                                    )    SUPPORT OF MOTION UNDER
10.       v.                        )    28 U.S.C. § 2255 TO VACATE,
                                    )    SET ASIDE, OR CORRECT
11. EDUARDO C. MINA,                )    SENTENCE BY A PERSON IN
                                    )    FEDERAL CUSTODY
12.       Petitioner/Defendant.     )
                                    )
13. _____)

KSC

14.       Petitioner/Defendant, Eduardo C. Mina ("Mina"),

15. respectfully submits this "Memorandum of Law" in support of his

16. "Motion Under 28 U.S.C. § 2255 to Vacte, Set Aside, or Correct

17. Sentence."

18.                          INTRODUCTION

19.       Mina asserts that he is entitled to relief under 28 U.S.C.

20. § 2255 on the basis that he was denied effective assistance of

21. counsel during the pre-trial and trial stages of his case.

22.       Mina specifically asserts that his counsel was

23. ineffective in (1) failing to properly advise him as to the

24. advantages and disadvantages of pleading guilty versus going to

25. trial; (2) failing to properly investigate and present

26. exculpatory/impeachment evidence and witnesses at trial; (3)

27. failing to effectively cross-examine and/or impeach key

28.

1

1. government witnesses; and (4) failing to properly consult and

2. deal with him in an ethical manner.

3.    It is further alleged by Mina that, but for counsel's

4. errors above, he would have accepted a favorable government plea

5. offer (six-months), and that there is a reasonable probability

6. that he would have been acquitted of the conspiracy for which he

7. was charged in this case.

8.    If the above facts are found to be true, Mina is entitled

9. to relief under § 2255 on his claims of ineffective assistance of

10. counsel. Strickland v. Washington, 466 U.S. 668 (1984). He is

11. therefore entitled to an evidentiary hearing so that he can

12. affirmatively establish the above claims.

13.    STATEMENT OF THE CASE

14.    Mina was arrested and charged in five counts of a 57 -

15. count indictment along with seven other co-defendants. (CR    ).

16. He was later found guilty as charged on counts 1, 2, 9, 33, and

17. 57. (CR    ). These counts were as follows: Count 1 - Federal

18. Racketering in violation of 18 U.S.C. § 1962(c); Count 2 -

19. conspiracy to violate the RICO ACT in violation of 18 U.S.C.

20. § 1962 (d); Counts 9, 33, and 57 - extortion under color of

21. official right in violation of 18 U.S.C. § 1951. (CR    ).

22.    Mina was sentenced to a term of incarceration of 65 -

23. months followed by three-years supervisory release. The evidence

24. at trial showed Mina only received $240 total among all counts.

25.    The instant case arose from the defendants' employment

26. as liquor commission inspectors and the allegation by the U.S.

27. government that they violated federal law by accepting bribes

28. and/or kickbacks (Trial Transcript ("TTR") 4/22/04 p. 3).

ARGUMENT

I.    THE GOVERNING LAW

      A.    28 U.S.C. § 2255

            1. Standard of Review

      Section 2255 of Title 28 provides:

      "A prisoner in custody under sentence of a
      court established by the Act of Congress claiming
      the right to be released upon the ground that
      the sentence was imposed in violation of the
      Constitution or laws of the United States, or
      that the court was without jurisdiction to impose
      such sentence, or that the sentence was in excess
      of the maximum authorized by law, or is otherwise
      subject to collateral attack, may move the court
      which imposed the sentence to vacate, set aside,
      or correct the sentence."

Id.

            2. Evidentiary hearing

      Section 2255 further provides in part that:

      "[U]nless the motion and the files and record
      of the case conclusively show that the prisoner
      is entitled to no relief, the court shall cause
      notice thereof to be served upon the United
      States attorney, grant a prompt hearing
      thereon, determine the issues and make findings
      of fact and conclusion of law with respect
      thereto."

Id. (emphasis supplied). See also U.S. v. Leonti, 326 F.3d 1111

(9th Cir. 2003).

      Courts have characterized this standard as requiring an

evidentiary hearing where "' the movant has made specific

factual allegations that, if true, state a claim upon which

relief could be granted.'" Id. at 1116 (citation omitted).  This

of course "entails assuming the truth of [the defendant's]

factual allegations." Id. at 1121.

### 3. Timeliness

A prisoner has one year from "the date on which the judgement of conviction becomes final" to file a § 2255 motion. § 2255 ¶ (b)(1).  Mina's conviction became final less than one year ago.  The present § 2255 motion is therefore timely.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

It is well established that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington,  466 U.S. 688 (1984).

To prevail on an effective assistance claim, the defendant must show that (1) his attorney's performance was unreasonable under prevailing professional standards, and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland, 466 U.S. at 687-91.  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Id at 694. See also Leonti, 326 F.3d at 1120.

II.   MINA WAS DENIED EFFECTIVE ASSISTANCE DUE TO COUNSEL'S FAILURE TO EXPLAIN THE ADVANTAGES AND DISADVANTAGES OF ACCEPTING A FAVORABLE GOVERNMENT PLEA OFFER VERSUS GOING TO TRIAL.

### A. Facts

Prior to the trial in this case, the government offered Mina a plea offer that called for him to plead guilty to a single count of bribery.  Mina's Counsel, Clifford Hunt, informed Mina of this offer, but failed to inform him at the time that by accepting this deal he would face a mere six month sentence. Mina did not learn that he would receive such a low sentence if

1. he accepted the government's plea offer until later after his

2. trial was over.   Proof of the above is Mina's affirmative

3. assertions and the transcripts of a hearing before Magistrate

4. Kurren, in which he unsuccessfully tried to fire Mr. Hunt.

5.      At this hearing, Mr. Hunt admitted that the government

6. made the above plea offer, but denied that he advised Mina not to

7. plead guilty.   This is not true as Mr. Hunt did advise Mina not

8. to plead guilty.   But more importantly, aside from this, Mr. Hunt

9. did not contradict Mina's claim here that he never informed him

10. that he faced a mere six-month sentence if he accepted the plea

11. offer versus 65-month if he proceeded to trial and was convicted.

12.      As Mina was already in custody for 17-months at the time

13. of the plea offer, he hereby declares that, but for Mr. Hunt's

14. failures above, he is absolutely certain that he would have

15. accepted the plea offer as he would have been released

16. immediately.

17.      Court's have consistently held that counsel failure to

18. explain the advantages and disadvantages of pleading guilty

19. versus going to trial constiutes ineffective assistance of

20. counsel.   See e.g. U.S. v. Blaylock, 20 F.3d 1458, 1465-66 (9th

21. Cir. 1994)(Holding that "although an attorney need not obtain

22. defendant's consent to every trial decision, where the issue

23. is whether to advise the client to plead guilty or not the

24. attorney has the duty to advise the defendant of the available

25. options and possible consequences and failure to do so

26. constitutes ineffective assistance of counsel."); U.S. v. Day,

27. 285 F.3d 1167, 1172-73 (9th Cir. 2002); Leonti, 326 F.3d at 1117;

28.

5

Accordingly, if Mina' factual allegations are found to be true, he is entitled to relief on his claim of ineffetive assistance based on counsel's failure to explain to him that he was only be subject to a six-month sentence if he were to accept the government's plea offer. Mina is therefore entitled to an evidentiary hearing so that he can establish this claim.

III.    MINA WAS DENIED EFFECTIVE ASSISTANCE DUE TO COUNSEL'S FAILURE TO PRESENT EXCULPATORY EVIDENCE AT TRIAL.

Counsel's was ineffective in three separate areas in failing to present excupatory evidence at Mina's trial. Each will be discussed below.

1. Counsel's Failure to Play Crucial Tapes.

A. Facts

Counsel submitted a pre-trial written notice that he would be playing various tapes at Mina's trial which would have affirmatively proved that he was not part of the charged conspiracy. For example, in these tapes Mina's alleged co-conspirators are heard making statements such as: (1) they do not trust Mina; (2) they do not like for MIna to become part of the conspiracy (or their underhanded dealings); (3) they do not give Mina money, and that Mina does not give them money; and (4) they were frustrated with Mina because they could not do what they liked (or wanted) to do in Mina's presence, like passing money, etc. (Proof - Exhibit "A").

Counsel failed to play these tapes at Mina's trial, however. This is true notwithstanding that these tapes would have affirmatively raised a reasonable doubt as to Mina's guilt on the conspiracy for which he was charged. There is indeed a

1. reasonable probability that Mina would have been acquitted had

2. counsel produced the taped evidence as either impeachment of the

3. witnesses that testified and were also heard on the tapes, or as

4. direct evidence to refute the alleged conspiracy charges.

5.       Accordingly, if the above facts alleged by Mina are found

6. to be true he is entitled to relief on his claim of ineffective

7. assistance of counsel.  He is thus entitled to an evidentiary

8. hearing on this claim.  Accord  Hart v. Gomez, 174 F.3d 1067,

9. 1073 (9th Cir. 1999)(Holding that counsel's failure to present

10. exculpatory material at trial constituted ineffective assistance

11. of counsel); Berryman v. Morton, 100 F.3d 1089, 1098 (3rd Cir.

12. 1996)(Holding the counsel's failure to present exculpatory

13. evidence and impeach key prosecution witness constituted

14. ineffective assistance of counsel.).

15.      2. Counsel's Failure to Impeach Key Government
       Witness With Bias Evidence.

16. 

17.       Jennifer Chong offered Mina a bribe in March, 2004, in an

18. effort to not be cited.  Mina wrote the citation and reported the

19. bribe - eventhough  Charles Wiggins, in a continuous effort to

20. entrap Mina, stated to Mina: "Stop writing the citation because

21. they (Mrs. J. Chong club, Club Tomorrow) are giving us a hand-

22. ful of cash." (Proof - T.Transcript).  As noted, Mina

23. nevertheless wrote the citation, and the latter Club was found

24. guilty of Drinking On Duty and was fined by the Liquor

25. Commission.  Mrs. J. Chong was also charged for attempted

26. bribery at the instance of the FBI.  The charge was downgraded

27. to a mere obstruction, however, as an inducement to Mrs. Chong

28. to testify falsely against Mina, and convict him at all cost -
rightfully or wrongfully.

1.         Mr. Hunt did not produce the records of the Liquor

2. Commission which would have shown that Mrs. J. Chong was found

3. guilty and fined because of the citation the Mina wrote -

4. despite that these records were readily available.  This

5. evidence also would have contradicted Mrs. J. Chong's testimony

6. that she bribed Mina, as it would have shown that Mina did not

7. accept the attempted bribe for which she was charged. Moreover,

8. the evidence would have additionally exposed a source of bias on

9. on Mrs. J. Chong's against Mina.

10.         A. <u>Discussion</u>

11.         Mrs. J. Chong's was a key government witness, as her

12. testimony (which Mina asserts was false) directly incriminated

13. Mina for accepting bribes while he and Charles Wiggings were on

14. duty and inspecting (or on an official visit to) Club Tomorrow.

15. Counsel nevertheless, as noted, failed to  impeach this  key

16. witness with concrete evidence of bias, which would have

17. also affirmatively disproved Mrs. J. Chongs' testimony that Mina

18. accepted her attempted bribe.  There is thus a reasonable

19. probability that, but for counsel's error, Mina would have

20. been acquitted as to the charges that involved Mrs. J. Chong,

21. and, as a whole, the alleged conspiracy (especially considering

22. the other errors in this case comitted by counsel).

23.         Thus, if the facts as alleged by Mina are found to be true,

24. he is entitled to relief of his claim of ineffective assistance

25. based on counsel's above error pertaining to Mrs. J. Chong.

26. <u>Accord</u>  <u>Baumann v. U.S.</u>, 692 F.2d 565 (9th Cir. 1982)(Holding

27. that counsel's failure to interview and effective cross-examine

28. key witnesses would constitute ineffective assistance, and

1. remanding the case for an evidentiary hearing on the issue);

2. Voyles v. Watkins, 489 F.Supp 901 (N.D. Miss. 1980)(Holding that

3. counsel's failure to impeach government witness with available

4. evidence of bias constituted ineffective assistance of counsel).

5. Accordingly, Mina is entitled to an evidentiary hearing so that

6. he can establish his ineffective assistance claims as to Mrs. J.

7. Chong.

8.     3.  Counsel's Failure to Confront and Cross-Examine
Key Government Agent Witnesses as to Previous
Statements Proving Mina's Innocence as to the

9. Conspiracy Charges.

10.     A.  Facts

11.     Mr. Hunt failed to provide Mina with copies of his grand

12. jury transcripts.  After trial and sentencing, Mina was able

13. to obtain this information from his counsel at the time, David

14. Klein.  Upon reviewing these documents, Mina learned that two

15. key government agent witnesses at his trial, Agent Campbell and

16. Agent Yamane, had also testified at the grand jury.  These

17. Agents' latter testimony was, in contrast to the former,

18. actually supported Mina's defense that he was not part of the

19. charged conspiracy.

20.     For example, Agent Cambell testified at the grand jury

21. that Mina's alleged co-conspirators sent him home from the

22. Liquor commission office before they divided their loot (money

23. from bribes). (Proof - Exhibit "B").  Similarly, Agent Yamane

24. testified at the grand jury that Mina was acting alone in

25. relation to this case. (Proof - Exhibit "B").  But despite that

26. this evidence would have affirmatively proved Mina's innocence,

27. Mr. Hunt failed to bring this evidence when cross-examining

28.

1. Agents Cambell and Yamane.  Such evidence would have been

2. admissible moreover to refute the Agents contrary testimony and

3. the conspiracy allegations against Mina.

4. Under these circumstances, Mr. Hunt's error above

5. constituted ineffective assistance of counsel.  Accord Mills v.

6. Scully, 653 F.Supp 885 (S.D.N.Y. 1987)(Holding that counsel's

7. failure to elicit testimony during cross-examination of a key

8. witness as to statements made before the grand jury that were

9. exculpatory to defendant and impeaced the witnesses trial

10. testimony constituted ineffective assistance of counsel); Hart,

11. 174 F.3d at 1073.  Mr. Mina is therefore entitled to an

12. evidentiary hearing so that he can establish this particular

13. claim of ineffective assistance.

14. IV.    MINA WAS DENIED EFFECTIVE ASSISTANCE DUE TO COUNSEL'S
       FALIURE TO INVESTIGATE AND PRESENT FAVORABLE WITNESSES

15.    AT TRIAL.

16. Prior to the start of Mina's trial, Government prepared

17. and submitted an extensive list of witnesses who were prepared

18. to testify favorably in Mina's defense.  One such witness on this

19. list, Mayor Jeremy Harris, was particularly important.  Mayor

20. Harris would have specifically testified that Mina reported the

21. corruption occurring at the Liquor commission to him (Mayor

22. Harris).  Mayor Harris would have provided this testimony at

23. Mina's trial.

24. Another important witness that was listed and available to

25. testify was David Lee, the leader of the alleged conspiracy.  Mr.

26. Lee would have been forced to admit (as it was the truth) that

27. he did not trust Mina, and that Mina was thus not part of the

28. charged conspiracy.

1.       As Mr. Lee was the leader of the alleged conspiracy,

2. these is a reasonable probability that Mina would have been

3. acquitted of the charged conspiracy had counsel called Mr. Lee

4. as a witness.  The other witnesses that where included on the

5. witness list that Mr. Hunt did not investigate or call as

6. witnesses would have provided further testimony and evidence

7. establishing Mina's innocence as to the charged conspiracy.  This

8. further establishes Mr. Hunt's ineffectiveness.

9.       Mr. Hunt's failure to investigate and call the witnesses

10. above thus constituted ineffective assistance of counsel. See

11. Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994)(Holding

12. that counsel's failure to investigate and call potentially

13. exculpatory witnesses constituted ineffective assistance of

14. counsel.); Hoot v. Allsbrook, 785 F.2d 1214, 1220 (4th Cir.

15. 1986)("Neglect even to interview available witnesses to a crime

16. simply cannot be ascribed to sound trial strategy and tactic"

17. and thus constitutes ineffective assistance of counsel.).

18. Accordingly, Mina is entitled to an evidentiary hearing so that

19. he can establish his claim of ineffective assistance pertaining

20. to counsel failure to investigate and call available witnesses in

21. Mina's defense to refute the conspiracy charges against him.

22. V.     MINA WAS DENIED EFFECTIVE ASSISTANCE DUE TO COUNSEL'S
             FAILURE TO CONSULT HIM AND ACT ETHICALLY.

23.       Mr Hunt failed to provide Mina with copies of his grand

24. Jury transcripts, despite numerous requests.  Mina obtained them

25. post-trial from new counsel, Mr. Klein, and learned that they

26. contained exculpatory/impeachment material.  This constituted

27. deficient performance and prejudiced Mina in that the evidence

28.

1. that Mina discovered from the grand jury transcripts would

2. have raised a reasonable doubt as to his guilt on the conspiracy

3. charged. See supra, p. 9-10.

4.     Mr Hunt filed a motion to age a document, which would have

5. proved government misconduct in submitting false evidence.

6. (CR    ). But without consulting Mina, Mr. Hunt withdrew the

7. motion. When Mina asked Mr. Hunt about this motion, he told him

8. that he did not file the motion. This was thus a lie which was

9. told by Mr. Hunt to cover up the fact that he withdrew the

10. motion without Mina's knowledge or consent.

11.     Because he was led to believe that Mr. Hunt did not file

12. the motion to age the document as requested, Mina infromed him in

13. a letter on 3/7/04 that if he did file this motion by 3/12/04,

14. Mina would fire him. (Proof - Exhibit "C"). Since Mina did not

15. receive a response by this date, he wrote a letter to the court

16. asked that Mr. Hunt be relieved as counsel. (Proof - Exhibit "D").

17. The court then scheduled a hearing on the matter for 3/25/04.

18. But on 3/24/04, Mr. Hunt came to FDC Honolulu and showed Mina a

19. copy of a motion to age the document mentioned above, along with

20. an order of the court denying the motion. (Proof - Exhibit "E").

21. Mr. Hunt did not give Mina a copy of these document's at this

22. time.

23.     Mr. Hunt later gave Mina the documents above on 3/29/04,

24. after being requested to do so by Mina. Mina was shocked to

25. learn after his trial that the motion was filed and denied on

26. the same day, at the very same time - 3/25/04. (Exhibit "E").

27. Mina was even more shocked when he realized that Mr. Hunt was

28. able to show him the motion and the denial order on 3/24/04 -

12

1. despite that they were both filed-stamped by the court on

2. 3/25/04. (Id.).

3. The facts and evidence above clearly shows that Mr. Hunt

4. lied to Mina, and that Mina was railroaded as to the motion to

5. age the document. This was done by Mr. Hunt to appease Mina, and

6. avoid from being fired. Had this motion to age the document

7. been properly presented and considered by the court, it would

8. have shown that government misconduct sufficient to justify

9. dismissal of the indictment in this case as to Mina. To be sure,

10. it would have shown that government agent's lied in Mina's case

11. and presented false evidence to the court in its opposition to

12. Mina's motion to suppress.

13. The government's conduct above certainly falls within the

14. realm of government misconduct jusitifying dismissal of the

15. indictment in this case based on "outrageous government

16. misconduct". C.f. U.S. v. Bogart, 783 F.2d 1428 (9th Cir. 1986);

17. U.S. v. Kojayan, 8 F.3d 1315, 1323-24 (9th Cir. 1993) The court

18. vacated the judgement of conviction and remanded for "the

19. district court to determine whether to retry the defendants

20. **or dismiss the indictment with prejudice as a sanction for the**

21. **government's misbehavior.").**

22. Accordingly, counsel's lies to Mina, along with his

23. failure to properly present the motion to age the document

24. prevented Mina from presenting and having granted his motion to

25. age the document, and uncovering government misconduct that

26. would have resulted in the dismissal of the indictment in this

27. case. Clearly, this constituted ineffective assistance of

28. counsel under Strickland. As such, Mina is entitled to an

1. evidentiary hearing so that he can establish his claim of

2. ineffective assistance based on counsel's egregious conduct as

3. described above.

4. VI.    CONCLUSION

5. For the foregoing reasons, Mina prays that the relief he

6. requests herein will be granted.[1]

7. Mina declares under the penalty of perjury that each

8. fact asserted in this memorandum in support of his § 2255 motion

9. is true and correct.

10. Dated and submitted this 25ᵗʰ day of January ,

11. 2007. Taft, California.

12.

13. By:

14. 

15. Mina Eduado
    Fed. No. 02319-093
16. Petitioner/Defendant
    (In Pro Se)

17.

18.

19. _____

20. 1/    There is one additional instance of blatant false testimony given by
    the government's key witness, Charles Wiggins, that Mina would like to bring
21. to the Court's attention, and raise as an additional issue of ineffective
    assistance to be added to the arguments in "Ground II" of this § 2255
22. "Memorandum".  At the grand jury proceedings in this case, Wiggins testified
    that while at Club My Library he **"instructed, being [Mina's] senior investi-**
23. **gator, [Wiggins] instructed Mina not to issue a violation, but to issue a**
    **written warning because it wasn't a clean violation."** (Exhibit "F").  But at
24. Mina trial Wiggins testified different. Specifically, he testified that
    "[b]ecause of that discrepancy in the time card, **I suggested to Mina that rather**
25. **than write the violation for an employee drinking, that we would write a**
    **written warning for the improper time card."** (Id.).  This is a clear
26. inconsistency that could have, but for Mr. Hunt's incompetency, served as
    powerful impeachment evidence.  For instance, it would have proved that
27. Wiggins had perjured himself and shaded his testimony in an obvious effort to
    falsely accuse Mina and help convict him at all costs – rightfully or
28. wrongfully. Counsel's error above thus constituted ineffective assistance.

14