IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 02-00209 DAE |
| | ) CIV. NO. 07-00061 DAE KSC |
| Plaintiff/Respondent, | ) |
| | ) DECLARATION OF LAWRENCE L. TONG |
| vs. | ) |
| | ) |
| EDUARDO C. MINA, | ) |
| | ) |
| Defendant/Petitioner. | ) |
| | ) |

DECLARATION OF LAWRENCE L. TONG

LAWRENCE L. TONG declares as follows:

1.  I am an Assistant United States Attorney in the District of Hawaii, and am responsible for preparing the government's response to defendant Eduardo C. Mina's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence in this matter.  The government's response is due on March 6, 2007.

2.  The Indictment in this case charged Mina and seven other individuals with racketeering, conspiring to commit a racketeering offense, and extortion under color of official right, violations of 18 U.S.C. §§ 1962(c), 1962(d) and 1951.  The eight individuals were liquor inspectors of the City and County

of Honolulu, and it was alleged that they used their positions to solicit and accept pecuniary benefits with the intent of influencing their official acts.

      3.    Trial of this case began on April 22, 2004 as to Mina and co-defendant Harvey T. Hiranaka.  The other six defendants pled guilty.  On May 18, 2004, the jury found Mina and Hiranaka guilty of all charges.  On May 12, 2005, this Court sentenced Mina to a term of imprisonment of 65 months.

      4.    Mina took a direct appeal of the judgment and, on May 8, 2006, the Ninth Circuit Court of Appeals affirmed.  See United States v. Mina, 178 Fed. Appx. 736 (9th Cir. 2006).  On October 2, 2006, the Supreme Court denied certiorari.  See Mina v. United States, 127 S.Ct. 280 (2006).

      5.    On February 6, 2007, Mina filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  Mina alleges that his trial counsel, Clifford Hunt, provided ineffective assistance of counsel in a variety of respects.  Among other things, Mina alleges that Hunt informed him of a plea offer from the government which allegedly would have resulted in a six-month sentence, but advised Mina not to accept the offer.  Mina claims that the offer would have resulted in his receiving a sentence of time which he had already served, and that he would

have accepted the offer had Hunt adequately explained its terms to him.  Mina alleges that Hunt failed to consult with him generally in the case, "lied" to him about the filing of a motion to examine a certain document, and otherwise did not discharge his professional obligations in an ethical manner.

      6.   In order to respond to Mina's motion, I have talked with attorney Hunt to obtain his recollection of events.  Hunt is willing to provide information about his representation, but has asked the government first to obtain an order from this Court finding that Mina has waived the attorney-client privilege as to any communications which are within the scope of his motion.  The government cannot adequately respond to Mina's motion without access to his privileged communications with Hunt.  The government submits that Mina's claims constitute a waiver of the attorney-client privilege.  See Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer").  The government thus requests that the Court find, as a matter of law, that Mina has

waived the attorney-client privilege as to all communications with Hunt as to the matters raised in his § 2255 motion.

      7.  I further request that this Court grant the government additional time in which to respond to Mina's motion. This request is based both on the nature of the case, and the departure of many of the participants in the trial.  The case was complex, and involved substantial trial testimony, tape recordings and documentary evidence.  The pretrial and trial proceedings were handled by then Assistant United States Attorney J. Michael Seabright, who has since become a United States District Judge, and by then Assistant United States Attorney Craig H. Nakamura, who has since become an Associate Judge of the Intermediate Court of Appeals of the State of Hawaii.  The FBI case agent who investigated the case has since retired.

      8.  I was responsible for briefing and arguing the case in the Ninth Circuit, and thus have familiarity with the trial proceedings.  As some of Mina's present claims involve events not reflected in the trial transcripts, however, I will need to speak with attorney Hunt once this Court finds that the attorney-client privilege has been waived.  I will also need to speak with Judge Seabright, and may need to interview Judge Nakamura and the retired case agent as well.  Given the complexity of the case, I

do not believe that the government can obtain the necessary background information and prepare a response by the March 6, 2007 deadline presently scheduled by this Court.

9. I am responsible for a variety of other litigation matters which have deadlines in March, and will be away from the office from March 17, 2007 through March 26, 2007. Under the circumstances, I respectfully request that this Court grant the government an additional 45 days, up to and including April 30, 2007 in which to file its response to Mina's motion.

10. In accordance with this court's electronic case filing procedures, a proposed order covering the matters outlined in this declaration is being submitted to the court via e-mail.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii,   February 21, 2007   .

/s/ Lawrence L. Tong
LAWRENCE L. TONG