EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

LAWRENCE L. TONG    #3040
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Larry.Tong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 02-00209 DAE |
|  | ) CIV. NO. 07-00061 DAE KSC |
| Plaintiff/Respondent, | ) |
|  | ) ORDER FINDING WAIVER OF |
| vs. | ) ATTORNEY-CLIENT PRIVILEGE, AND |
|  | ) EXTENDING TIME IN WHICH THE |
| EDUARDO C. MINA, | ) GOVERNMENT MAY RESPOND TO |
|  | ) DEFENDANT'S 28 U.S.C. § 2255 |
| Defendant/Petitioner. | ) MOTION |
|  | ) |

ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE,
AND EXTENDING TIME IN WHICH THE GOVERNMENT MAY
RESPOND TO DEFENDANT'S 28 U.S.C. § 2255 MOTION

On February 6, 2007, defendant Eduardo C. Mina ("Mina") filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence in this case.  Mina alleges his trial counsel, Clifford Hunt, Esq., provided ineffective assistance in a variety of respects.  Two of Mina's claims are that: (1) Hunt failed to recommend that he accept a favorable plea offer which allegedly would have resulted in Mina receiving a sentence of time served;

and (2) Hunt failed to consult with Mina or to act ethically in his representation of him.

The United States has filed a motion seeking an order finding that Mina has waived the attorney-client privilege with regard to the claims asserted in his motion. The court has reviewed the motion, and finds that Mina has waived the privilege as to all communications with Hunt concerning the claims asserted in the motion. See Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003)(en banc)("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective privilege"). The court does not believe such claims can be fairly litigated without such a waiver, and hereby authorizes attorney Hunt to disclose privileged communications in connection with this proceeding as necessary to respond to Mina's claims.

The United States also seeks an extension of time in which to respond to Mina's claims. The trial of this case was lengthy and involved the presentation of substantial testimonial evidence and tape recordings. The government represents that, in order to respond to the present motion, it will need to review trial transcripts, and interview Mina's former attorney, as well as the two former prosecutors in the case, both of whom are now judges. Mina's attorney also will not provide full information

until the court has entered an order finding a waiver of the attorney-client privilege. The government thus has asked that the March 6, 2007 deadline for a response be extended by 45 days. The court believes this request is reasonable, and hereby orders that the government may have until April 30, 2007 in which to file its response.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, February 22, 2007.



       _____
       David Alan Ezra
       United States District Judge

USA vs. Eduardo C. Mina, Cr. No. 02-00209 DAE, CV. No. 07-00061 DAE-KSC; ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE, AND EXTENDING TIME IN WHICH THE GOVERNMENT MAY RESPOND TO DEFENDANT'S 28 U.S.C. § 2255 MOTION