IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CV. NO. 07-00061 DAE KSC |
| ) | CR. NO. 02-00209 DAE |
| Respondent-Appellee. ) | |
| ) | |
| vs. ) | |
| ) | |
| EDUARDO C. MINA, ) | |
| ) | |
| Petitioner-Appellant. ) | |
| _____ ) | |

ORDER DENYING WITHOUT PREJUDICE DEFENDANT EDUARDO C.
MINA'S REQUEST FOR CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  On July 9, 2007, Petitioner Eduardo C. Mina filed a Notice of Appeal ("Notice") from the Court's Order Denying Eduardo C. Mina's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Order Denying Section 2255 Motion").  After reviewing Petitioner's Notice and the corresponding Order Denying Section 2255 Motion, which the Court construes as a Request for Certificate of Appealability, the Court DENIES WITHOUT PREJUDICE Petitioner's Certificate of Appealability ("COA").

BACKGROUND

The facts and procedural history of this case are detailed in the Court's Order Denying Section 2255 Motion. Suffice it to say, on May 22, 2002, Petitioner Eduardo C. Mina was indicted for racketeering, conspiracy to commit racketeering, and extortion under color of official right. Following a trial held on April 22, 2004, Petitioner was found guilty of all charges, after which the Court sentenced Petitioner to a term of imprisonment of 65 months. After appealing the judgment to the Ninth Circuit, on May 8, 2006, the Ninth Circuit affirmed the conviction and sentence. See United States v. Andres v. Mina, 178 Fed. Appx. 736, 742 (9th Cir. 2006).

On February 6, 2007, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence based on a claim of ineffective assistance of counsel by his trial attorney, Clifford Hunt ("Counsel"). On July 2, 2007, the Court filed its Order Denying Section 2255 Motion. On July 9, 2007, Petitioner filed the instant appeal.

## STANDARD OF REVIEW

A petitioner must specifically request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA. See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) (citing 28 U.S.C. § 2253(c)). "If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate." United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). Upon filing a notice of appeal, a district judge who renders the judgment must issue a COA or state why such a certificate should not issue. See Federal Rules of Appellate Procedure ("FRAP") 22(b)(1).

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The COA shall indicate which specific issues satisfy that "relatively low" standard. See 28 U.S.C. § 2253(c)(3); Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002). The standard is satisfied when the "petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to

proceed further.'" Jennings, 290 F.3d at 1010 (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

## DISCUSSION

Petitioner provides no argument supporting his request for a COA, including the issues that he raises on appeal. Generally, a petitioner must specifically request a COA as to each issue that he or she wishes to appeal. See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999). Although a court shall construe a notice of appeal as a COA where no such request is made, United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997), the Court requires some indication of the issues that Petitioner seeks to appeal. Here, Petitioner has not specified any issue(s) for appeal or any reasons for the appeal. At the very least, if the issues were clear, the Court could review its Order Denying Section 2255 Motion for a "substantial showing of the denial of a constitutional right," even without any underlying argument. 28 U.S.C. § 2253(c)(2). Without either a specific request to review any particular issue(s) or any argument concerning the issue(s), the Court cannot determine whether Petitioner has meritorious issues for appeal. Consequently, the Court DENIES WITHOUT PREJUDICE Petitioner's COA to provide Petitioner with an opportunity to re-file a COA, specifying the issue(s) that he seeks to appeal and the arguments that he wishes to make in support of his

appeal to demonstrate a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, August 1, 2007.



_____
David Alan Ezra
United States District Judge

United States of America vs. Eduardo C. Mina, Civil No. 07-00061 DAE-KSC, CR. No. 02-00209 DAE; ORDER DENYING WITHOUT PREJUDICE DEFENDANT EDUARDO C. MINA'S REQUEST FOR CERTIFICATE OF APPEALABILITY