ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CIV. NO. 07-00061 DAE KSC |
| Defendant-Appellee | ) CR. NO. 02-00209 DAE |
| VS | ) |
| EDUARDO C. MINA | ) |
| Pro Se-Petitioner-Appellant | ) |
| | ) |

REQUEST FOR CERTIFICATE OF APPEALABILITY

PREFACE

Before any statement of facts and laws applicable, this representation is cognizant of the fact that the Bible is the Word of God and is the Supreme Law of all mankind and any dictum therein is true and will surely come to pass (Mark 13:31) like ALL LIARS shall have their part in the lake which burneth with fire and brimstone, which is the second death {Rev. 21:8). Whatever you sow that ye shall also reap (Gal. 6:7). Jesus is the truth (John 14:6) and if the Truth will make you free, you shall be free indeed (John 8:36) and that Jesus is the FINAL JUDGE (Hebrews 9:27) and His decision is righteous, fair, true and just. .

1

A. PETITIONER'S CLAIM THAT COUNSEL'S PLEA BARGAINING ADVICE CONSTITUTED INEFFECTIVE ASSISTANCE.

The COURT RULED: "Petitioner mistakenly believes that the plea agreement he rejected offered a six (6) months sentence in return for his admission of guilt. He alleges that had counsel informed him of the possibility of this supposed six (6) month sentence he would have accepted the plea agreement."

I appeal this ruling for the following reasons:

1. The Court was misled because it relied solely on the Declaration of Mr. Clifford Hunt, which is a lie because it contradicted his first statement before Judge Kurren on June 18, 2004, (EXH. A). The transcript of this hearing was not made an exhibit due to the fact that it came to my possession after I filed my 2255 appeal. Nevertheless, I mentioned this as proof of my allegation on page 5, lines 2 to 4 in my Memorandum of Law in support of my Motion. This should have been considered and looked into by the Court since it has a copy of it.

In Mr. Hunt's Declaration dated April 30, 2007, he said that I was offered to plead guilty to two (2) Hobb's Act of extortion (p.3 #8). He said in para. 8, pages 3&4: " Shortly before the April 2004 trial, I had discussion with the AUSA Seabright about the possibility of Mr. Mina pleading guilty to only TWO Hobb's Act of extortion charges. Mr. Mina had been in custody since November 2002, at the time, I calculated the guideline range that would apply if Mr. Mina entered the pleas and determined that the minimum range was greater than the time that Mr. Mina had already served. I communicated the offer to Mr. Mina and he rejected it."

Granting "arguendo" for the sake of argument that he was telling the truth, no where in this statement says that he explained to me the benefits of pleading guilty to the offer- maybe 18 months, 19 months or 20 months? But this is another big lie, because Mr. Hunt's statement before Magistrate Judge Barry M. Kurren on June 18, 2004, on page 6, lines 6 to 10 confirms my affirmative and logical allegations. Mr. Hunt said: "Now I'd like to address the improper advice of a counsel. That's really a mischaracterization. It's TRUE the government wanted to-at one point was willing to even consider offering him a SINGLE COUNT to plead to and I strongly recommend that he accepts it." Note again that he never explained to me the benefits of pleading guilty to a single count and this was Mr. Hunt's answer to my charge in page 4, lines 6 to 12 of the same transcript, to wit: "As a matter of fact, Atty. Hunt told me that the government is telling me to plead guilty to a single count of $40.00 bribery charge and according to some reliable sources at FDC, the penalty is only six (6) months, but Atty. Hunt told me not to plead guilty because the government's position is weak, they have no evidence, we are in good shape he said, but he did not present the overwhelming exculpatory evidence in my favor."

Aside from lying, he did not explain to me the benefits of pleading guilty to a single count of bribery. "Falsus in uno, falsus in omnibus" the falsity of one is the falsity of all.

Mr. Hunt's failure to apprise me of the benefits of pleading guilty to a single count of bribery is indeed ineffective assistance of counsel (U.S. vs Day, 285 F.3d 1167, 1172-73 9th Circuit 2003; Leonti, 236 F.3d at 1117. With more reason now that he is caught lying just to cover up his ineffectiveness as my counsel.

One of the reasons why he told me not to accept the plea offer was his obsession

to bring me to trial and it would not be amiss to state that he earned a fat fee of $100,000.00 more or less from his ineffective assistance for me. Note what he said on page 6 of the June 18 transcript: "I wanted to take this case to trial...because I wanted to do the case." This clearly shows that he was determined to bring me to trial, even if I was offered a single count to plead to.

This is an "obiter dictum" but I just want to show how deceptive he is. I also told the Court on June 18, 2004, that Mr. Hunt told me just immediately after my conviction: "You can fire me now anyway you have been stabbing me at the back." He denied the "you can fire me now" but admitted that I have been stabbing him at the back. This is very untenable and illogical. Is it logical for him to say: you can retain me now, anyway you have been stabbing me at the back? So please consider your Honor my affirmative and logical affirmation of facts should outweigh a mere denial, especially when the denial sounds absurd and illogical. See before the trial, I was firing him. Through his trickery he was successful in his obsession to bring me to trial, despite the single count of bribery charge offered by the government. He denied that he told me I could fire him immediately after my trial, but because I was not able to fire him, he filed a Motion to Withdraw as my counsel and was granted. He got his way but was very inimical to my own interest.

2. The government through its expertise was able to stretch the penalty of the third offer to 63 to 75 months, but what is the wisdom of offering me to plea if the offer is the same as the first offer when I did not even accept the second offer? Consider also those co-defendants who pled guilty to more than five counts yet they got only a penalty of 20 and/or 22 months. Furthermore, the basis of stretching the penalty to 75 months

was based on a wrong premise. Mr. Hunt ~~was~~ lied in his declaration because he admitted in Open Court to the effect that I was in fact offered a single count of bribery to plead to. Mr. Hunt's actuations of trying to conceal the truth is not only ineffective assistance, it is perjury, a conduct that prejudiced me and it has undermined the proper functioning of the adversarial process that the trial can not be relied on as having produced a just result.

Lying is a performance outside the "wide range of professionally competent assistance." Had Mr. Hunt told the truth, the result of the proceedings would have been different because I was really offered a single count to plead to.

3. On the last paragraph of page 6 of the Court's Denial, the Court said: "In the instant case, Petitioner mistakenly believes that the plea agreement he rejected offered a six (6) months sentence in return for the admission of guilt. He alleges that had counsel informed him of the possibility of this supposed six (6) months sentence he could have accepted the agreement." Following this argument, I should have not been mistaken had counsel told me the right sentence to a single count of bribery. This reinforces my claim that Mr. Hunt never told me the benefits or the possible sentence if I plead guilty to the offer Much more I did not reject the offer. It was Mr. Hunt who told me not to accept the offer and I would like to repeat what he told me under the penalty of perjury and Revelations 21:8 which states that ALL LIARS shall have their part in the lake which burneth with fore and brimstone, which is the second death. "The government is offering you to plead guilty to a single count of $40.00 bribery charge, but DO NOT PLEAD GUILTY because the government has no evidence, we are in good shape." But he did not present any exculpatory evidence that were very overwhelming. Just imagine the impact on the thinking of the Jury if he presented the tapes stating that the conspirators do not

5

trust me, they do not want me in the conspiracy otherwise they are lighting a Pandora Box, they do not give me money neither do I give them, fuck Ed let him take his own, he is only worth one dollar, I do not fit in the organization, especially the tape of Mr. David LEE, the alleged leader who said he does not trust me and the statement of agent Campbell to the effect that the conspirators send me home from the office before they divide their loot and the statement of agent Yamane to the effect that I was acting alone, etc. These exculpatory evidences outnumber the tapes of the government indicting me three to one.

    Mr. Hunt's contention that I will not admit any wrongdoing is untenable because the record shows that I have already admitted, but not in the conspiracy. He tries to twist facts by saying that "I would not consider any plea offer which did not guarantee a specific sentence. The government was not able to give such assurances. I did not receive any offer from the government that would have guaranteed Mr. Mina a sentence of six (6) months, or his immediate release from custody as he now alleges in his Motion." I never asked for an offer that would guarantee me a specific sentence of six (6) months. My allegations in my Motion is very clear. I said: "Prior to the start of Mina's trial, the government offered a plea to him that called for him to PLEAD GUILTY TO A SINGLE COUNT OF BRIBERY (which is confirmed by his statement before Judge Kurren on June 18, 2004) which would have resulted to a six (6) months sentence. I never allege that I want an offer that would guarantee a six (6) months penalty. The six (6) months period only came about when I learned later that the penalty to a single count of bribery is six (6) months. Let Mr. Hunt advise me now what is the penalty if I plead guilty to a single count? At the time when Mr. Hunt told me about the offer of a single count, I did

not know the penalty because Mr. Hunt did not tell me so.

Now that the truth is unveiled to the effect that the government has in fact offered me to plead guilty to a single count of bribery, what is the penalty? The law says six (6) months and I only found this to be true while in confinement at TCI, Taft, California. I challenge Mr. Hunt that we both undergo a lie detector test. "God is Love and Truth". I know He will deal rightfully and justly with me and Mr. Hunt, yet I pray that the Love of God be instilled in the hearts of Mr. Hunt, the Prosecutor and the Honorable Judge.

B. PETITIONER'S CLAIM THAT COUNSELS FAILURE TO PURSUE FABRICATION OF NOTES THEORY CONSTITUTED INEFFECTIVE ASSISTANCE.

The Court erred in practically relying on the litany of lies of Mr. Hunt in his declaration, concluding: "Hunt strategic decision not to pursue the fabricated notes theory was reasonable in the light of Petitioner's failed polygraph test." (p. 15) I'll prove later that these are all fanfares and deceits to cover up an anomaly where Mr. Hunt conspired with the prosecution to derail my line of defense and railroad me to my conviction.

Before January 6, 2004, I told Mr. Hunt to file a Motion to Age the notes that the prosecution introduced as evidence because nobody was writing when I was being investigated in the Kalihi Police Station. I observed Agent Yamane taping the interrogation while agent Campbell folded her arms on her breast. Mr. Hunt actually lodged the Motion on January 6, 2004, in the Court of Judge Kevin CHANG together with the Order Granting the Motion (EXH B). It was entitled Defendant Eduardo C. MINA's Ex Parte Motion For 18 U.S.C. 3006 A(e)(1) CJA Services And Expenses; Declaration of Counsel; Exhibits A through E; Memorandum In Support of the Motion,

Order Granting Ex Parte Motion for 18 U.S.C. 3006A(e)(1) CJA Services and Expenses and Sealing of Document.

In the month of February, I asked Mr. Hunt about the said Motion and he told me that it was denied. When I asked for the Denial, he said that he did not file it. These allegations he never denied in his declaration. He just stated that we agreed that he will withdraw the Motion if I did not pass the lie detector test. If I agreed that he will withdraw the Motion (which was in fact not withdrawn) why did I write him on March 7, 2004 (EXH C) informing him that I will fire him if he did not file the Motion by March 12, 2004, (EXH D), due to the fact that he made me believe that he did not file the Motion. Since he did not file the Motion, I wrote the Court that I am firing him as my lawyer and the hearing for this was set on March 25, 2004. But by March 24, a day before the hearing he came to FDC Honolulu and showed me a Motion and Denial (EXH E) but he did not give me a copy of both. According to his declaration in open Court, he did this I order to appease me not to fire him; but what flabbergasted me, I found out after my trial that the Motion and Denial were stamped at the same time and on the same date and what is very intriguing is how come he was able to show them to me in the morning of March 24, 2004, at FDC Honolulu? There is so much manipulation. So I acceded to his proposition that the hearing on March 25, 2004, be cancelled because of this trickery. This is very irregular. He has railroaded me in the Motion to Age the Note. And what is WORST, its not only irregular and deceitful but ANOMALOUS. On May 16,2007, as I was reading his declaration, he stated that he called the Clerk of Judge Kevin Chang to withdraw said Motion to Age. In order to confirm this, I called the Clerk's Office of Judge Chang and Richlyn told me that it was never withdrawn. As a matter of fact the

Motion was GRANTED on January 12, 2004, by the Honorable Judge Kevin CHANG docketed as number 189 and was transmitted to the Ninth Circuit (EXH F). Inasmuch as Mr. Hunt and the AUSA Seabright were furnished copies of the Order Granting the Motion, I could not imagine how they were able to hide the Order from me to my detriment and prejudice and how they were able to thwart the legal order of a Magistrate Judge. This is not only ineffective assistance, it is conspiracy with the prosecution to railroad me to my conviction. This is not only a tactical error, it is a willful act of treachery to a client. Mr. Hunt is the one who stabbed me at the back. Had the granting of the Motion been implemented, am very sure that the note is spurious (just see the foul tactic of the prosecution to have convinced my lawyer, Mr. Hunt to hide the Order granting my victory) and would have been a good ground for the dismissal of my case for grave misconduct on the part of the prosecution by way of introducing into evidence a spurious document. The suppression and non-implementation of Judge Chang's Order is a very clear and convincing proof that the note is spurious and there are so many allegations in the alleged transcript of the spurious note that were never mentioned in the note. How were they able to transcribed something out of nothing. These are very good grounds for the dismissal of my case.

    GOD IS SO GOOD THAT HE HAS UNFOLDED THE TRUTH.

    Mr. Hunt's actuation of filing another Motion to Age together with its railroaded denial was an open defiance to a legal Order by Magistrate Judge Chang, hence is liable for Contempt of Court. This is not only INEFFECTIVE ASSISTANCE , it is a malpractice of the highest magnitude. This needs an exhaustive investigation to expose the culprits.

Hence all of Mr. Hunt's activities as my counsel after January 12, 2004, are but "zarzuelas" fanfares to camouflage his treachery, lies, deceits and his conspiracy with the prosecution. Just imagine the fanfares. He alleged that I should undergo a lie detector test and if I fail he will withdraw the Motion when the Motion was already granted long ago, on January 12, 2004. He did not really defend me but connived with the prosecution railroading me into my conviction. And just imagine I was demanding from him a written report of my polygraph test yet he told Orian that a written report was not necessary – just to cover up more lies? And the District Court believed all these lies and fanfares?

In my statement I did not give an exact timetable when the note was written, much less to Mr. Hunt. I just said that it was not written on January 30, 2002, but here comes now Mr. Hunt stating that the Notes were only prepared in response to his Motion to Suppress, which was filed more than a year after the date of the interrogation. I buy this idea because he took this information from those who fabricated the documents.

In view of the foregoing, I am appealing the Order of Denial.

C. PETITIONER'S CLAIM THAT COUNSEL'S FAILURE TO PRESENT AVAILABLE EXCULPATORY EVIDENCE AND IMPEACH GOVERNMENT WITNESSES CONSTITUTED INEFFECTIVE ASSISTANCE.

The Court ruled: "Petitioner's claim that Hunt's failure to introduce exculpatory evidence of his non-involvement with the conspiracy constitutes deficient performance lacks merit."

I appeal this ruling for the following reasons:

Mr. Hunt failed to play the exculpatory tapes which were so overwhelming outnumbering the tapes of the government three to one. Cross examining the witnesses is

not enough because they just discredit the credibility and testimony of said witnesses, it's a defensive weapon but the introduction of evidence is an offensive weapon to kill the enemy. Just imagine the impact on the Jury if these tapes were played? They are all proofs that I am not in the conspiracy. Especially that of David LEE, the alleged leader of the conspiracy who was never cross examined. Both Yamane and Campbell have no personal knowledge about the activities of the conspirators yet their testimonies were not treated as hearsay and so in the same vein if they were asked in open Court about their testimonies in the Grand Jury as a result of their investigation and/or identifying the tapes for me it must of course be admitted. So Mr. Yamane would have testified that I was acting alone and Ms. Campbell would have testified that the conspirators would send me home from the Office before they divide their loot. And what is hurting is that Mr. Hunt hid and or withheld these documents from me. As Pro Se these are newly discovered evidence after the trial. Atty. David Klein, my second lawyer furnished me these documents after my conviction. This is not only a clear case of non-presentation of evidence but suppression of evidence. Mr. Hunt was ineffective for failure to expose these to the Jury, more so that he hid these documents from me. I am not an expert on the Rules of Evidence but I believe that these are documentary exculpatory evidence that are admissible

    Despite the availability of these exculpatory evidences, how many evidence did Mr. Hunt present in my favor? ZERO-and I think this is a trial technique that shows cooperation with the prosecution. He even denied me to testify despite my eagerness to do so in order to expose the truth.

    The Court described me "as not an active part of the conspiracy, minor role in the

conspiracy, minimal involvement in the conspiracy" despite the ineffectiveness of Mr. Hunt whom I strongly believe sold me down the drain. So give me a chance to prove that I was not part of the conspiracy because I was hiding my activities from the conspirators and the conspirators were hiding their activities from me. Moreover, nothing in these exculpatory evidences state that I have minimal involvement, I have a minor role or not an active part of the conspiracy.

Re: Jennifer Chong:

Chong testified that she made three payments to me. The first payment was in March of 2001. This claim is untenable because I cited Club Tomorrow/ Jennifer Chong for Drinking on Duty in March of 2001, for which the Liquor Commission found her guilty. The Notice of Violation was recorded in my NOV Book which was illegally taken by the FBI from my portfolio which has a combination lock together with other papers. This representation prays that the Court order the FBI to return those papers. On this night Charles Wiggins was my partner. According to CW and the FBI agents, CW was always wired when partnered with an investigator who is suspected of accepting bribe and this date is covered during the dates when CW was wired. Why did the government suppress this tape from me? This is a misconduct that gives ground to appeal under 2255 (Banks vs Dretke, 540 U.S. 668 (2004). I demand disclosure of this tape so that it will be played before the Court to confirm these allegations. On this night when I was writing the Notice of Violation against Club Tomorrow/Jennifer Chong, CW approached me and said: "Ed, Ed, stop writing the violation because she is giving us a handful of cash. (See how CW would like to entrap me?) I said no and pursued the Notice of Violation The Liquor Commission found her guilty and she was fined.

See the travesty of justice through the manipulation of the government? Here now is a person who offered me bribe which I refused was compelled to testify against me just to save herself from Attempted Bribery charge which is punishable with imprisonment. The investigator referred to in her Charge Sheet was me. I urged Mr. Hunt to expose this but he said: "do not disturb me anyway you were not charged with what she is stating," but it made me look very bad before the Jury. The government charged her for Attempted Bribery using CW as a witness and the tape recording. The government downgraded it to a mere Obstruction of Justice (no imprisonment) to bribe her to testify against me. She was charged for a crime committed in March of 2001, when she offered me the bribe through CW. Mr. Hunt did not like this to be exposed to the Jury. I symphatize with Jennifer Chong, because she violated Revelations 21:8 and her oath. The government forced her to tell a lia.

I appeal the Court's ruling on this.

Re: William Richardson:

The Court Ruled : "However, despite Counsel's best effort, the government evidence that Petitioner accepted bribes and received money ON AT LEAST ONE OCASSION from fellow investigator William Richardson outweigh defense testimony alleging his non-involvement in the conspiracy. Thus Hunt's failure to call LEE to the stand did not prejudice Petitioner in the light of the government's overwhelming evidence of guilt." Accordingly, Petitioner's claim fails as he does not provide evidence that counsel's failure to present these particular witnesses constituted ineffective assistance. I appeal this ruling.

First of all the Court can't speak for the jurors. None of conspirators testified that

I was part of the conspiracy and just imagine the impact on the Jury if LEE would have testified that I was not part of the conspiracy, he being the leader would exonerate me because it is the truth. Yamane would have testified that I was acting alone and Campbell

would have testified that the conspirators send me home from the office before they can divide their loot plus other witnesses that I will not divulge in the meantime, but at the proper time.

While it is true that I accepted bribes yet facts are clear that such an activity was not done in the conspiracy. As a matter of fact I hid these activities from the conspirators as they hid their activities from me.

The facts of the W. Richardson incident are these: On January 31, 2001, Richardson took me to Club Hollywood at 500 Lagoon Drive. He went inside the Club but I stayed in the car. Richardson got $200.00 without my knowledge. Richardson gave me $100.00 when we were already at Pearl City, after passing several clubs. He lied when he testified that I said: "It would come in handy because I just returned from vacation and had not yet received my pay check." January 31st, is a pay day and I have just received my pay check in the morning of January 31. The court called this overwhelming evidence, but I am very sure that there is a case law on this treating it as an isolated transaction Did Mr. Hunt cite this case law? No.

Re: Charles Wiggins:

On September 20, 2001, Wiggins and Mina were partnered and assigned to do routine inspections. The pair visited Club Leokani where the owner gave each of them $40.00-TR 5-22. This is a big lie, otherwise this should have been part of the indictment against me.

See how CW twist facts to cover up his scheme to entrap me? Mr. Wiggins testified that I was not often partnered with him (TR. 6-4-8). He stated that was partnered with me on September 20, 2001, and September 21, 2001. The truth is that he was Acting Supervisor on these two nights and was therefore responsible for our assignments and the route that will be taken by the inspectors. He assigned me to himself taking me to anywhere he desires to include Club My Library because he was not only my Supervisor but he was also driving the Liquor Commission vehicle. The following night, September 21, 2001, he was again my Supervisor and the driver of the vehicle. He again assigned me to himself and took me to the same route. This is against the policy of the Liquor Commission. Partnering and routing should be rotated and what is worse is that he brought me back again to Club My Library. It is also the policy of the Liquor Commission not to visit the same club by the same inspectors twice in a row within the span of two consecutive nights. He violated three policies, same partners for two consecutive nights, same route by the same partners for two consecutive nights and visited the same club for two consecutive nights just to entrap me. And these were made possible through his machinations. Just imagine he stated that I suggested to him to go back to Club My Library? I can't do that because I know that it is against the policy of the Liquor Commission and being my supervisor he can scold me for such a request. Moreover, CW does not give a damn to what I say. See his statement in the tape recording, "Yeah, so yeah, fuck Ed, anything I tell him, wait in the car or something, yeah." This is very true even his personal belongings, he orders me to bring them to him. I did them because he is my Supervisor/senior and I fear him because he always tell me about his ability in fighting like he was in the SEAL but he killed a white man with a

hollow block, he was attacked by three men and he knocked them all out, and so forth.. He really impressed on me that he was a tough guy.

CW testified during the trial that on September 20, 2001, he suggested to me that I issue a Written Warning to Club My Library, but the truth is that he directed me, he being my senior investigator, nay he was my Acting Supervisor (EXH G-this was also withheld by Mr. Hunt from me). Mr. Wiggins also said that the owner of Club My Library was making signs that she will give money. Only to him because why should she ask later if its okay to give me money?

In short, all these came about because of his own manipulations as Acting Supervisor. He was not only deceptive but abusive. I was writing the Notice of Violation for Drinking On Duty that was solid, yet he intervened and instructed me to issue a Written Warning instead because the owner of Club My Library is his very close friend. The following night he brought me back to Club My Library, but I did not enter the club. He got $200.00 without my knowledge. He gave the $100.00 to me on our way back to the Office after our tour of Duty and after inspecting other clubs. I was again assigned to do compliance check on my Written Warning. This is very unusual. I found a violation and CW intervened again after about three and a half hours, more or less, by calling Ken Wright, who was then my partner through Wright's cell phone. Wiggins told Wright: "He (that is me) can not do that- do something brah." (EXH H) Wright did something. He gave his cell phone to me and Wiggins asked me: "Is it true that you wrote Club My Library?" I answered "yes" and he shouted: "you can not do that-or else-I do not like to be turned in, go back and retrieve your Notice of Violation." I complied out of fear.

Without Wiggins' manipulations and without Wiggins' two interventions,

followed by threatening instructions, all of my two Notice of Violations would have gone through. Here is an exercise of an abuse of power and authority to entrap and destroy a helpless subordinate.

CW's entrapment scheme is very obvious coupled with so much twisting of facts. Much more I can not conspire with CW because he is a government agent. Did Hunt cite this case law? No

With these lies and inconsistencies, to include the lies and treachery of M. Hunt, a new trial is very impelling so that I will have a chance to present the suppressed evidence and to cross examine witnesses and to dig deeper into the obvious conspiracy to suppress and to thwart the legal Order of Magistrate Judge Kevin Chang depriving me from exposing the truth which could have been made me free.

D. PETITIONER'S CLAIM THAT COUNSEL'S FAILURE TO INVESTIGATE AND CALL CERTAIN WITNESSES TO TESTIFY CONSTITUTED INEFFECTIVE ASSISTANCE.

The Court ruled: Petitioner's claim fails as he does not provide evidence that Counsel's failure to present these particular witnesses constituted ineffective assistance. I appeal this ruling.

Am very sure that I told Mayor Harris about the corruption in the Liquor Commission and the appointment book will bear me out. This was immediately after David Lee held a conference in the Liquor Commission Office just to confront me and put me to shame What Mr. Hunt was talking about to the effect that the report was about me being the suspect was very much later and it concerned the incident of Club My

Library, where Wiggins manipulated and intervened. This incident was very much later. In this instance Mr. Weatherwax, then the Administrator of the Liquor Commission sent two investigators to investigate but the owner of Club My Library testified that she gave the money to a white man and not me. The truth is it was Charles Wiggins, a black man who took the money. See how close her friendship is with CW? The Police never investigated the Liquor industry while the FBI was investigating, except the Jennifer Chong case because it was the FBI who brought this case to the police so that the government would have a leverage to force her to testify against me. How did I know this when I was in prison? It was Mr. Hunt who told me that there was indeed an order from Mayor Harris to the Honolulu Police Department to investigate the corruption in the Liquor Commission as an offshoot of my report but the FBI stopped the HPD from investigating because the FBI is already investigating. And he assured me at first and he was very happy about it that he will call Mayor Harris to the witness stand but all turned around after January 12, 2004.

How about Mr. Lee, the alleged leader of the conspiracy, why did not Mr. Hunt not call him to the witness stand and confront him about his statement to the effect that am not involved in the conspiracy?

As to the lie detector test, Mr. Hunt at first told me that I failed in one, now he alleged that I failed in all and the Court believed in his deceit hook line and sinker. But why does Mr. Hunt refuse me a written copy of the result despite my demand. I also asked Mr. Orian but he said I must take it from Mr. Hunt. Mr. Hunt is hiding something because I know and I know that I answered all the truth. He concealed the exculpatory evidences from me before and during the trial, he concealed the Order granting the

Motion to Age the Document and conspired for the non-implementation thereof and later filed the same Motion and Denial just to appease me not to fire him as my lawyer, now he conceals the result of the polygraph test. But these are all "zarzuelas" fanfares because according to him he will withdraw the Motion to Age if I did not pass the test, Just imagine the deceit? The Order to age the document was already granted by Magistrate Judge Kevin Chang on January 12, 2004, and should have been implemented if he did not conspire with the prosecution? Let Mr. Hunt show me and the Court the written result and I know I passed with flying colors. Mr. Hunt did all these fanfares to camouflage his malpractice.

Out of the 21 evidences that he told the Court and the Prosecution to present, how many did he present? ZERO. Out of the 24 witnesses that he named to be presented, how many did he call to the witness stand? ZERO. Besides the Grand Jury exculpatory statements that were Sworn to, how many did he present? Zero. That is why justice is considered to be like a scale the one who has more weight wins. Had he put all of the above on the scale, the scale should have tilted in my favor.

I pray to the Lord God Almighty that He pours out His Love, Wisdom, Justice and Truth to all who are concerned.

In view of the foregoing, I respectfully pray that a Certificate of Appealability be issued from A to D.

Waipahu, Hawaii, August 7, 2004

Eduardo C. MINA
Pro Se, Petitioner, Appellant

Copy Furnished:
Edward H. KUBO, Jr.
United States Attorney, District of Hawaii

Lawrence. L. TONG
AUSA, District of Hawaii